UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                  **Hon. Hugh B. Scott**

          v.                                      11CR27A

                                  **Decision**
                                  **& Order**

Stevie Coates,
                    Defendant.

Before the Court is the defendant's omnibus motion for various types of pretrial relief in this matter. (Docket No. 25 ).[1]

## Background

On January 19, 2011, the defendant Stevie Coates ("Coates") was indicted by the Grand Jury on charges that he attempted to posses and distribute a controlled substance in violation of 21 U.S.C. §846 [Count 1]; attempted to import controlled substances in violation of 21 U.S.C. §846 [Count 2]; and smuggling goods into the United States in violation of 18 U.S.C. §1461 [Count 3]. (Docket No. 11).

This case involves an incidence in which the defendant was driving a vehicle into the United States from Canada by way of the Lewiston Bridge Port of Entry. It appears that the

---

[1] The dispositive issues raised in the motion are the subject of a separate Report & Recommendation.

1

defendant was stopped and sent for secondary inspection. Agents inspecting the vehicle observed what they believed to be illegal "ecstacy tablets" in the car. The agents did not make the defendant aware of their observation. Instead, the agents replaced the contraband with plastic pellets and allowed the defendant to leave the Port of Entry area so that they could follow him. After the defendant made a stop at a commercial parking lot, the agents arrested the defendant and returned him to the Lewiston Bridge Port of Entry area where he was further interrogated. It appears undisputed that the tablets in the vehicle, upon laboratory analysis, turned out not to be ecstacy, but were determined to be caffeine.

**Discovery**

The defendant seeks various items of pretrial discovery. The government has provided discovery to the defendant. The parties have not advised the Court of any outstanding discovery issues.

**Rule 12 Notice**

Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 in order that the defendants have an opportunity to move to suppress under Rule 12 (b)(3)(C). The government has provided notice pursuant to Rule 12 in its response to the instant motion. (Docket No. 26 at page 21). The defendant has not asserted that this notice is insufficient.

## Bill of Particulars

The defendant seeks a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure (Docket Nos. 67, 68 and 70). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir.1984). Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The circumstances warranting a bill of particulars are limited. A defendant may obtain a bill of particulars only if the requested information is necessary "(i) to enable him to prepare his defense; (ii) to avoid unfair surprise at trial; and (iii) to preclude a second prosecution for the same offense." United States. v. Persico, 621 F.Supp. 842, 868 (S.D.N.Y.1985). "In deciding a motion for a bill of particulars, '[t]he important question is whether the information sought is necessary, not whether it is helpful.' " United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y.2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense." United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y.1994). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

In the instant case, the government has produced substantial discovery to the defendant.

Upon review of the indictment, and in light of the discovery and information already provided or promised in this case, the defendant has not demonstrated that further particularization is required to protect him from double jeopardy, or to enable him to adequately prepare a defense and avoid surprise at trial.

### Exclusion of Co-Conspirator Statements

The defendant has also requested the exclusion of all statements made by any non-testifying co-conspirator.

Generally, it is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d. Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992). The Jencks Act provides the exclusive procedure for discovering statements that government witnesses have given to law enforcement agencies. U.S. v. Covello, 410 F.2d 536, 543 (2d. Cir.) cert. denied 396 U.S. 879 (1969). Some Courts have ordered disclosure of statements made by a co-conspirator, based upon the rationale that statements made by a co-conspirator in furtherance of the conspiracy may be treated as the defendant's own statements, if the co-conspirator is not a prospective government witness. Turkish, 458 F.Supp. at 882.

To the extent that the defendant seeks a ruling akin to an admissibility determination of co-conspirator's statements, the motion is denied as premature. The defendant is not entitled to a pretrial hearing to determine the admissibility of co-conspirator statements under United States v. James, 590 F.2d 575 (5th Cir.1979) (en banc). James hearings are not required in the Second Circuit. Instead, in this circuit the judge presiding over the trial of the case makes a ruling

pursuant to United States v. Geaney, 417 F.2d 1116, 1119–20 (2d Cir.1969), cert. denied, 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970), during the trial regarding the admissibility of the statements. See also United States v. Maisonet 2009 WL 2876170 (W.D.N.Y.,2009)(The relief sought by the defendant, to exclude from the trial "any statements made by others other than those testifying co-conspirators or other witnesses that have been noticed to defense at the trial herein," must be sought in the form of a motion in limine before the United States District Judge to whom this case is assigned.).

This issue may be raised prior to trial before the District Judge presiding in this matter.

**Brady & Jencks Material**

The defendant has requested that the government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The government represents that it will produce all Brady material in accordance with the schedule set by the District Court prior to trial. (Docket No. 26 at page 23).

5

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether a there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983)(impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such exculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

7

## Rule 404, 608 and 609 Evidence

The defendant also seeks information under Rules 404, 608 and 609 of the Federal Rules of Evidence. Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use any such evidence of a prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

## Identity of Informants

The defendant seeks the pre-trial disclosure of the identity of any informants in this case.

8

The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990). Moreover, the government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

### Grand Jury Transcripts

The defendant also seeks disclosure of the grand jury transcripts. There is a presumption that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232 (2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23, 41 L.Ed.2d 590 (1974), *cert*. denied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the Court. (See Fed.R.Crim.P. 6(e)). A party seeking disclosure of grand jury proceedings bears the burden of establishing a "particularized need" or "compelling necessity" for such disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); In re Rosahn, 671 F.2d 690, 695 (2d Cir.1982). Unspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden.

United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974). Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of governmental misconduct." Torres, 901 F.2d at 233.

The defendant has not presented any particularized need or advanced any proof controverting the presumption of regularity in the grand jury proceedings in this case. This request is denied.

**Preservation of Evidence**

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all rough notes and items of evidence.

**Voir Dire of Experts**

The defendant has requested leave to voir dire any expert government experts outside the presence of the jury. This issue is more appropriately determined by the District Court Judge presiding over the trial in this matter.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 29, 2013